THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF
PENNSYLVANIA

TRAVELERS PERSONAL
INSURANCE COMPANY,

        Plaintiff,                Case No.:

    vs.

CHERYL ANDROS, DONNA J. GELETKO
and JOSHUA A. KURKOWSKI

        Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

AND NOW comes the Plaintiff, THE TRAVELERS PERSONAL INSURANCE COMPANY, by and through its attorneys, Brian C. Bevan, Esquire, and DiBella Geer McAllister & Best, P.C., and hereby files this Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201, *et seq.*, the following of which is a statement:

## THE PARTIES

1.    The Plaintiff, Travelers Personal Insurance Company, is an insurance company which provides automobile insurance to individual consumers, subject to the express terms, conditions and exclusions of each individual policy of insurance. The Plaintiff, hereinafter referred to as "Travelers", is headquartered in Hartford, Connecticut.

2.    The Defendant, Cheryl Andros, is an adult individual who resides at 227 Rennie Drive, Pittsburgh, Pennsylvania, 15236.

3.    The Defendant, Donna J. Geletko, is an adult individual who resides at 514 Coal Valley Road, Clairton, Pennsylvania, 15205.

4.     The Defendant, Joshua A. Kurkowski, is a minor individual who resides at 514 Coal Valley Road #2, Clairton, Pennsylvania, 15236.

## JURISDICTION and VENUE

5.     This Honorable Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

6.     Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(a) since the instant controversy involves an insurance policy issued to the Defendant Geletko in this District, involves an incident that took place in this District, and involves parties who reside in this District.

7.     The remedy sought by the Plaintiff is appropriate and within the jurisdiction of this Court pursuant to 28 U.S.C. § 2201.

## FACTUAL BACKGROUND

8.     On or about May 30, 2009, Defendant Andros was operating her motor vehicle along Coal Valley Road #2 and had stopped at a red light where Coal Valley Road #2 intersects with State Route 51.

9.     At or about the same time, Defendant Kurkowski was operating a motor vehicle and was traveling behind the vehicle operated by Defendant Andros.  The vehicle being operated by Defendant Kurkowski was owned by Defendant Geletko.

10.     At approximately 7:30 p.m. on said date, a traffic accident occurred involving both Defendant Andros and Defendant Kurkowski and the aforesaid vehicles. As a result of the accident, Defendant Andros has claimed injuries.

## UNDERLYING LIABILITY ACTION

11.     As a result of the traffic accident, Defendant Andros filed a Complaint in Civil Action against Defendants Kurkowski and Geletko.  This Complaint was filed in the Court of Common Pleas of Allegheny County at G.D. 09-022050 (hereinafter "Andros Litigation").  *A true and correct copy of the Andros Complaint is attached hereto and marked as Exhibit "A".*

12.     The Andros Complaint alleges, *inter alia*, that any injuries incurred by Defendant Andros were a result of Defendant Kurkowski's negligent, careless, and reckless operation of Defendant Geletko's motor vehicle.  The Complaint further alleges that Defendant Geletko's negligent entrustment of her motor vehicle to Defendant Kurkowski contributed to the Defendant Andros's injuries.

## INSURANCE POLICY

13.     At all times relevant to the facts alleged in this Complaint, Plaintiff Travelers was a party to a contract of automobile insurance with Defendant Geletko. Said contract of insurance was in effect at the time of the traffic accident in question and provided, *inter alia*, liability coverage to Defendant Geletko pursuant to the terms, conditions and exclusions thereto. *A true and correct copy of the relevant policy is attached hereto as Exhibit "B".*

14.     The policy in question provides liability coverage to an insured, pursuant to the explicit terms, conditions and exclusions of the Policy.  Specifically, "Coverage A — Bodily Injury" provides as follows:

### COVERAGE A – Bodily Injury

**A.**    We will pay damages for "bodily injury" (Coverage A) or "property damage" (Coverage B) for which any "insured" becomes legally responsible because of an auto accident.

15.    However, due to the presence of relevant and applicable exclusions in the policy of insurance, Travelers has no obligation to defend or indemnify Defendants Kurkowski or Geletko from any injuries or damages that arise from the incident in question.

16.    Specifically, the Policy reads as follows:

### COVERAGE A – Bodily Injury

We do not provide Liability Coverages for any person:

…

8.    Using a vehicle without a reasonable belief that that person is entitled to do so.

17.    At the time of the traffic accident, Defendant Kurkowski did not have permission, either implied or express, to operate Defendant Geletko's motor vehicle.

18.    Therefore, there is no personal liability coverage for any injuries sustained as a result of the traffic accident in question.

WHEREFORE, The Travelers Personal Insurance Company respectfully requests that this Honorable Court grant the following declaratory relief and declare that:

a.    The Travelers Personal Insurance Company has no legal and/or contractual obligation to indemnify any party to this action for any liability that may be imposed on Defendants Joshua A. Kurkowski and Donna J. Geletko for their acts or omissions that led to the injuries sustained on or around May 30, 2009;

b.  This Honorable Court is requested to grant such other orders and relief as it may deem proper and appropriate.

Respectfully submitted,

DiBELLA, GEER, McALLISTER & BEST, P.C.

By:  /s/ Brian C. Bevan
       Brian C. Bevan, Esquire
       PA ID NO 307488

       Attorney for Plaintiff, Travelers Personal Insurance Company

       Firm No. 099
       20 Stanwix Street, 11th Floor
       Pittsburgh, PA  15222
       (412) 261-2900
       bbevan@dgmblaw.com